UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )
     vs.                            )        Case No: 4:21CR100-HEA
                                    )
ZACHARY W. FILANDA,                 )
                                    )
        Defendant.                  )

## OPINION, MEMORANDUM, AND ORDER

This matter is before the Court on Defendant Zachary Filanda's Motions for Compassionate Release and Sentence Reduction under 18 U.S.C. § 3582, [Doc. Nos. 94, 95]. For the reasons set forth below, the Motions are denied.

## BACKGROUND

Following a guilty plea, Defendant was convicted of Conspiracy to Possess with Intent to Distribute Actual Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. [Doc. No. 88]. The Court imposed a sentence of 100 months followed by a four-year term of supervised release, predicated on a total offense level of 29 and a criminal history category of VI. Defendant is currently serving his sentence at Leavenworth FCI and has a projected release date of May 22, 2028. *See Inmate Locator*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/?os=vb.&ref=app (last visited July 22,

1

2026).

Defendant moves for compassionate release arguing that:  (1)  he has been rehabilitated and is ready to reenter society; and (2) he is suffering from asthma, indigestion and heartburn, significant memory loss, back pain, and lasting addiction related symptoms which cannot be managed in prison.  [Doc. No. 95].  In support of his motion, Defendant attached a copy of the Court's judgment and letters of support but has not provided any documentation supporting his medical claims.  [Doc. Nos. 95-1, 95-2].

## DISCUSSION

Sentences are final judgments, meaning a court ordinarily "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  The First Step Act (FSA), passed by Congress in 2018, is an exception to the finality of sentences.  Pub. L. No. 115-391, 132 Stat. 5194 (2018).  In relevant part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants to file motions with the court seeking compassionate release.  Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early.  18 U.S.C. § 3582(c)(1)(A)(i).  A reduction in sentence must consider the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A).  The burden to establish that a sentence reduction is

2

warranted under 18 U.S.C. § 3582(c) rests with the defendant.  See *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires both "extraordinary and compelling reasons" to warrant a sentence reduction and the defendant not pose a danger to the public.  U.S.S.G. § 1B1.13(a)-(b).  The policy statement was amended on November 1, 2023, to reflect that a defendant may initiate motions for compassionate release which a Court may, in its own discretion, grant or deny. U.S.S.G. § 1B1.13, amend. 814. Amendment 814 to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate release. See id.; 2023 Amendments in Brief, U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited July 22, 2026).  These reasons include:

(1) Medical Circumstances of the Defendant

(B) The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional

facility and from which he or she is not expected to recover.

(C)    The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. §§ 1B1.13(b)(1)(B)-(C).

Upon review of the filings and the record as a whole, the Court finds no "extraordinary and compelling" reason to grant Defendant's motions for compassionate release and reduction of sentence.  Initially, Defendant fails to meet his burden to establish that his medical conditions qualify as an extraordinary and compelling reason for relief, as he has provided no documentary evidence of his medical conditions nor any evidence supporting his assertions that his conditions could not be managed in a prison environment.  *See United States v. Jones*, 836 F.3d at 899.  Additionally, while the Court acknowledges Defendant's rehabilitative efforts in prison, such efforts cannot, by themselves, constitute extraordinary and compelling reasons for compassionate release.  *See* U.S.S.G. § 1B1.13(d) ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of" compassionate release).

Even if the Court had found extraordinary and compelling reasons, which it does not, the sentencing factors set forth in § 3553(a) do not support a reduction in Defendant's sentence.  Defendant has a long history of criminal activity, including

4

multiple instances of burglary and theft and sales of controlled substances. Releasing Defendant would undermine the seriousness of Defendant's crime and fail to provide just punishment or adequate deterrence to similar, continued criminal conduct.  Furthermore, nothing in this record establishes that Defendant would not be a danger to the public if he were to be released, given his history of possessing and distributing controlled substances.  As such, having considered each of the sentencing factors set forth in § 3553(a), the Court finds that release is not warranted at this time.

Accordingly, based upon the foregoing, and on all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant's Motions for Compassionate Release and Sentence Reduction, [Doc. Nos. 94, 95], are **DENIED**.

Dated this 23rd  day of July,  2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE